**Squire LOVELACE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 20403.**

United States Court of Appeals, Sixth Circuit.

March 26, 1971.

Joe D. Spicer (court appointed), Memphis, Tenn., on brief for appellant.

Thomas F. Turley, Jr., U. S. Atty., Kemper B. Durand, Asst. U. S. Atty., Memphis, Tenn., on brief for appellee.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PER CURIAM.

In 1969 appellant was indicted on two counts of assault with intent to do bodily harm and on a third count of assault with intent to murder. These charges arose from an attack upon two workers at a United States Army Depot in Memphis, Tennessee, and averred violations of 18 U.S.C. § 113(a) & (c). After entering a plea of not guilty, appellant changed his plea to guilty under count two of the indictment, charging assault with intent to do bodily harm to one Al E. Evans, and to guilty to count three of the indictment, charging assault with intent to murder one Sandra Morman.[1] The District Court heard statements from the United States Attorney, and from appellant and his counsel. In this way he satisfied himself that there was a factual basis for the pleas. Appellant was sentenced to two years imprisonment on count two and to eight years

---

1. Upon acceptance by the court of these pleas of guilty, count one of the indict- ment was dismissed on the Government's motion.

imprisonment on count three, the sentences to run consecutively.

Subsequently, appellant, while serving the sentences thus imposed, addressed a letter to the District Court. This letter was treated as a motion to amend sentence and was then denied. On February 27, 1970, appellant filed a motion seeking a reduction of sentence and permission to withdraw the guilty pleas. These motions were denied without an evidentiary hearing. The District Judge concluded from the record in the criminal action, as well as from his own personal recollection of the proceedings, that appellant's pleas were freely, voluntarily and understandingly entered without promise or coercion. The present appeal resulted.

Appellant contends that he did not enter an understanding plea to count three of the indictment because he did not know that the count required intent to murder. He also argues that the plea was based upon his understanding that a lighter sentence would be imposed under that count in the event of a plea of guilty.

Upon consideration of the briefs, the transcript of the proceedings below, and the entire record, we find that the District Judge did not err in denying the motions for a reduction of sentence and for permission to withdraw the guilty pleas. The transcript of the sentencing proceedings reflects that a lengthy investigation report was read into the record in the presence of appellant and his court-appointed counsel, both of whom were given the opportunity to correct the report, that the pre-sentence report was also read into the record, and that the trial judge pursuant to Rule 11, Fed.R.Cr.Proc. questioned appellant about his guilt and the absence of promises or threats in connection with his desire to plead guilty to the two counts. We are satisfied that the guilty pleas were voluntarily and understandingly entered by appellant and that the trial judge substantially followed the proce-

dural requirements of Rule 11. The orders appealed from should therefore be affirmed.

Affirmed.